IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY | § | |
| | § | |
| | § | |
| V. | § | CASE NO.: 7:10-cv-69 |
| | § | |
| | § | |
| | § | |
| M&L SANDBLASTING & PAINTING, | § | |
| BTA OIL PRODUCERS, LLC, | § | |
| MANUEL ESPINOZA & LUIS ESPINOZA | § | |

# ORIGINAL COMPLAINT
# FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ADMIRAL INSURANCE COMPANY ("Admiral"), Plaintiff in the above-styled and numbered cause, and pursuant to the Uniform Declaratory Judgments Act, files this its Original Complaint for Declaratory Judgment against M&L Sandblasting & Painting, Manuel Espinoza, Luis Espinoza and BTA Oil Producers, LLC, (collectively "Defendants") and for cause of action would show this Honorable Court as follows:

### A. Parties

1.  Plaintiff Admiral is a Delaware corporation with its principal place of business in Cherry Hill, New Jersey, doing business in Texas and issuing insurance contracts in Texas as surplus lines coverage pursuant to the Texas Insurance statutes.

2.  Defendant M&L Sandblasting & Painting is a partnership with an office in New Mexico that conducts business operations in the State of New Mexico and the State of Texas. M&L can be served through the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701 via certified mail, return receipt requested. M&L Sandblasting & Painting's business address is P.O. Box 587, Eunice, New Mexico 88231.

3. Defendant Manuel Espinoza is a partner of M&L Sandblasting & Painting. As an out of state resident conducting business in the State of Texas, Manuel Espinoza can be served through the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, via certified mail, return receipt requested. Mr. Espinoza's home address is 615 E. Taos St., Hobbs, New Mexico 88240, his business address is P.O. Box 597, Eunice, New Mexico 88231.

4. Defendant Luis Espinoza is a partner of M&L Sandblasting & Painting. As an out of state resident conducting business in the State of Texas, Luis Espinoza can be served through the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, via certified mail, return receipt requested. Mr. Espinoza's home address is 1307 20th Street, Apt. 597, Eunice, New Mexico 88231, his business address is P.O. Box 597, Eunice, New Mexico 88231.

5. Defendant BTA Oil Producers, LLC is a Texas Limited Liability Company doing with its principle place of business in Midland, Midland County, Texas who may be served with process through its registered agent: Barry Beal Jr., 104 South Pecos, Midland, Texas 79701.

### B. Jurisdiction

6. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and all of the Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this Court in accordance with the provisions of 28 USC § 1391(a)(1), because Defendant BTA Oil Producers, LLC's principal place of business is located in Midland County, Texas, and under 28 USC §1391(a)(2) because a substantial part of the events or omissions upon which this claim is based occurred in this district.

### C. Facts

8. Plaintiff brings its claims for declaratory judgment under FEDERAL RULE OF CIVIL PROCEDURE 57 and 28 U.S.C. §§2201, 2202.

9. Admiral provides general liability insurance coverage to M&L Painting and Sandblasting under Admiral Insurance Policy No. WC090011227 (the "Admiral Policy").[1] The Admiral Policy has an effective coverage period of June 25, 2009 to June 25, 2010. The Admiral Policy has limits of $1,000,000 per occurrence and $2,000,000 in the aggregate.

10. BTA Oil Producers, LLC ("BTA Oil Producers") entered into a Master Work/Service Agreement ("MSA") with M&L Sandblasting & Painting under which it was to sandblast tanks on property owned by BTA Oil Producers.[2]

11. BTA Oil Producers was sued in the 109th Judicial District Court in Andrews County, Texas in a case styled *Manuel Espinoza v. BTA Oil Producers, LLC, Banta Oilfield Services, Inc. and Awalt Hot Oil Services, Inc.* Cause No. 18,216 (hereinafter, the "Underlying Lawsuit").[3]

12. The underlying plaintiff, Manuel Espinoza alleges that on January 13, 2010, while sandblasting a tank on BTA Oil Producers' premises, an explosion occurred which injured him. Plaintiff alleges that Defendant BTA's negligence was the proximate cause of plaintiff's damages.

13. BTA filed a counter-claim against Manuel Espinoza, one of the partners of M&L Sandblasting & Painting.[4] According to the counter-claim, the MSA between M&L Sandblasting & Painting and BTA Oil Producers contains a requirement that M&L Sandblasting & Painting obtain a commercial general liability insurance policy with minimum limits of one million dollars. BTA Oil Producers alleges that Mr. Espinoza did not secure the required policy

---

[1] A true and correct copy of Admiral Policy No. WC090011227 is attached hereto as **Exhibit "A"** and is incorporated by reference as if fully set forth herein.
[2] A true and correct copy of the Master Work/Service Agreement is attached hereto as **Exhibit "B"** and is incorporated by reference as if fully set forth herein.
[3] A true and correct copy of Plaintiff's Original Petition in the Underlying Lawsuit is attached hereto collectively as **Exhibit "C"** and is incorporated by reference as if fully set forth herein.
[4] A true and correct copy of Defendant BTA Oil Producers, LLC's Original Answer, Affirmative Defenses, Counter-Claims and Third-Party Claims is attached hereto collectively as **Exhibit "D"** and is incorporated by reference as if fully set forth herein.

of insurance and breached the MSA. BTA Oil Producers further alleges that Mr. Espinoza made material misrepresentations regarding insurance coverage that M&L Sandblasting & Painting had obtained and that Mr. Espinoza concealed or failed to disclose to BTA Oil Producers that he had not acquired the insurance coverage mandated by the MSA.

14. BTA Oil Producers also filed a third-party claim against M&L Sandblasting & Painting and Luis Espinoza.[5] BTA Oil Producers seeks recovery under the theories of breach of contract, fraud and fraud by nondisclosure alleging that M&L Sandblasting & Painting conducted work for BTA Oil Producers as an independent contractor pursuant to the MSA. Under the MSA, BTA Oil Producers alleges M&L Sandblasting & Painting agreed to indemnify and hold BTA Oil Producers harmless from claims of personal injury such as the claims asserted in the Underlying Lawsuit against BTA. Under the MSA, BTA Oil Producers further alleges that M&L Sandblasting & Painting agreed to secure commercial general liability insurance with minimum limits to cover the work being performed during the incident in question and that it failed to obtain such coverage.

15. M&L Sandblasting & Painting and BTA Oil Producers put Admiral on notice of the Underlying Lawsuit. BTA Oil Producers is seeking coverage under the Admiral policy as an additional insured. M&L Sandblasting & Painting, Manuel Espinoza and Luis Espinoza are seeking a defense and indemnity under the Admiral policy. All parties disagree as to the existence of insurance coverage for this claim, and thus Admiral filed this declaratory judgment action, seeking judicial resolution of this controversy.

### D. Declaratory Judgment

16. The Admiral Policy contains the following provisions and exclusions that preclude any duty to defend or indemnify any party against the Underlying Lawsuit:

---

[5] *See id.*

17. The Admiral policy contains the following additional insured endorsement:

\*            \*            \*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SCHEDULE**

**Name of Additional Insured Person(s) Or Organization(s):**

**ANY PERSON OR ORGANIZATION AS MAY BE REQUIRED BY WRITTEN CONTRACT.**

**Location(s) Of Covered Operations**

**Information required to complete this Schedule, if not shown above, will be shown in the Declarations.**

A. **Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for bodily injury, property damage or personal and advertising injury caused, in whole or in part by:**

   1. **Your acts or omissions; or**

   2. **The acts or omissions of those acting on your behalf;**

   **in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.**

B. **With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:**

   **This insurance does not apply to bodily injury or property damage occurring after:**

   1. **All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the**

    **additional insured(s) at the location of the covered operations has been completed; or**

 **2)** **That portion of your work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.**

*   *   *

  18. The Admiral additional insured endorsement states that BTA Oil Producers would only be an additional insured under the Admiral policy if M&L Sandblasting & Painting agreed in a written contract to obtain such insurance *and* if the bodily injury was caused by the acts or omissions of M&L Sandblasting & Painting, or others acting on their behalf. To the extent that M&L Sandblasting & Painting, or those acting on its behalf, did not cause the underlying plaintiff's injuries, and/or to the extent that there is no written contract where M&L Sandblasting & Painting agreed to obtain such insurance, there is no coverage under the Admiral Policy for BTA Oil Producers as an additional insured.

  19. The Admiral Policy does not cover any contractual indemnity obligation running from M&L Sandblasting & Painting to BTA Oil Producers unless the MSA between M&L Sandblasting & Painting and BTA Oil Producers qualifies as an "insured contract." That term is defined in the Admiral Policy as follows:

*   *   *

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**AMENDMENT OF INSURED CONTRACT DEFINITION**

 **This endorsement modifies insurance provided under the following:**

 **COMMERCIAL GENERAL LIABILITY COVERAGE PART**

 **Paragraph 9 of the Definitions Section is replaced by the following:**

- 6 -

**9.    Insured Contract means:**

a.   A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an insured contract;

b.   A sidetrack agreement;

c.   Any easement or license agreement, except n connection with construction or demolition operations on or within 50 feet of a railroad;

d.   An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e.   An elevator maintenance agreement;

f.   That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for bodily injury or property damage to a third person or organization, provided the bodily injury or property damage is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

**Paragraph f. does not include that part of any contract or agreement:**

(1)   That indemnifies a railroad for bodily injury or property damage arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

(2)   That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(a)   Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

(b)   Giving directions or instructions, or failing to give them, if that is the primary cause of the

> **injury or damage; or**
>
> **(3)    Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.**

\*        \*        \*

20.    Under the language of the Admiral policy, the policy only provides coverage for M&L Sandblasting & Painting for indemnity it owes to another that is contained in an "insured contract" as defined by the Admiral policy.  To constitute an "insured contract" under the Admiral policy, the bodily injury must have been caused, in whole or in part, by M&L Sandblasting & Painting.  To the extent that M&L Sandblasting & Painting, or those acting on its behalf, did not cause the underlying plaintiff's injuries, the MSA does not qualify as an "insured contract," and there is no coverage under the Admiral Policy for any contractual indemnity obligation owed by M&L Sandblasting & Painting to BTA Oil Producers.

21.    The Admiral policy also contains the following language:

\*        \*        \*

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**Classification**

**Oil or Gas Lease or Well Site, Painting, Sandblasting or Coating, Limited to Empty Tank Trucks, 80% Shop, 20% Field Work, Excluding Sandblasting of Lease Site Storage Tanks, Pressure Vessels, or Pipelines**

\*        \*        \*

22.    The Admiral policy also contains the following endorsement:

\*        \*        \*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**CLASSIFICATION LIMITATION**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**This insurance applies to "bodily injury", "property damage", "personal injury" or "advertising injury" not otherwise excluded herein, arising out of only those operations which are described by the classification shown on the Commercial General Liability Coverage Declarations, its endorsements and supplements.**

\*          \*          \*

23.     Both the allegations in the underlying petition and the factual evidence are that the incident occurred in the course of sandblasting a lease site storage tank, and therefore, there is no duty to defend or indemnify any party against the Underlying Lawsuit. This includes no duty to defend or indemnify BTA Oil Producers as an additional insured or any duty to defend or indemnify M&L Sandblasting & Painting, Manuel Espinoza or Luis Espinoza.  To the extent necessary, extrinsic evidence may be considered by the Court as to this issue because it goes solely to a fundamental issue of coverage.

24.     The Admiral Policy also contains the following Employee Injury exclusion:

\*          \*          \*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND WORKERS**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.      Exclusion e. Employer's Liability under Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability is replaced by the following:**

**This insurance does not apply to:**

- 9 -

    e.    **Employer's Liability**

    "Bodily injury" to:

    (1)    An "employee" of any insured arising out of and in the course of:

        (a)    Employment by any insured; or

        (b)    Performing duties related to the conduct of any insured's business; or

    (2)    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

    This exclusion applies:

    (1)    Whether any insured may be liable as an employer or in any other capacity; and

    (2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

B.    Exclusion a. Any Insured under Paragraph 2., Exclusions of Section I – Coverage C – Medical Payments is replaced by the following:

We will not pay expenses for "bodily injury":

a.    **Any Insured**

    To any insured.

C.    For the purpose of this endorsement, the definition of "Employee" in the Definitions section is replaced by the following:

"Employee" is any person or persons who provided services directly or indirectly to any insured, regardless of where the services are performed or where the "bodily injury" occurs, including, but not limited to, a "leased worker", a "temporary worker", a "volunteer worker", a statutory employee, a casual worker, a seasonal worker, a contractor, a subcontractor, an independent contractor, and any person or persons hired by, loaned to, or contracted by any insured or any insured's contractor, subcontractor, or independent contractor. This definition of "employee" will not modify the provisions of Section II – Who Is An Insured.

*        *        *

25. According to the language of the third-party petition, Manuel Espinoza and Luis Espinoza were employees of M&L Sandblasting & Painting at the time of Manuel's injuries. The Admiral exclusion precludes coverage for injury to the employees of *any* insured under this policy. M&L Sandblasting & Painting is the named insured in the Admiral policy at issue, and because Manuel Espinoza was an employee of M&L Sandblasting & Painting, coverage is precluded for M&L Sandblasting & Painting, BTA Oil Producers, Manuel Espinoza and Luis Espinoza for the claims asserted by plaintiffs in the Underlying Lawsuit.

26. The Admiral policy also contains the following Independent Contractor exclusion:

\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – INDEPENDENT CONTRACTORS**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of the actions of independent contractors, subcontractors, or any employee(s) of independent contractors or subcontractors who perform any work or operations for or on behalf of any insured.**

**IT IS FURTHER AGREED THAT FOR ANY CLAIM MADE OR SUIT BROUGHT WHICH IS EXCLUDED UNDER THE TERMS OF THIS ENDORSEMENT, THE COMPANY SHALL NOT HAVE THE OBLIGATION TO DEFEND, ADJUST, INVESTIGATE OR PAY ANY COST FOR INVESTIGATION, DEFENSE, ATTORNEY FEES OR ADJUSTMENT ARISING OUT OF SUCH CLAIMS.**

\* \* \*

27. With respect to any status BTA Oil Producers may have as an additional insured under the Admiral policy, to the extent that the bodily injury was caused by independent

contractors of BTA Oil Producers, including M&L Sandblasting & Painting, such damages would be excluded by the Admiral policy.

28.     For the reasons set forth above, and pursuant to the provisions of 28 USC § 2201, *et seq.*, Admiral respectfully requests that this Court declare the rights, status and legal relations of the parties in connection with the facts and pleadings in the Underlying Lawsuit, the Admiral Policy, and the appropriate law.  Specifically, Admiral asks this Court for a declaration that no duty to defend or indemnify any party exists for the Underlying Lawsuit under the Admiral Policy.

29.     A declaratory judgment action is appropriate in this matter because it will serve a useful purpose in clarifying and settling the legal relations at issue between Defendants and Admiral, and will terminate and afford relief from the uncertainty and controversy giving rise to this proceeding.

30.     Admiral seeks to recover its reasonable fees and expenses in prosecuting this declaratory judgment action.

### E. Prayer

31.     For the reasons set forth above, Admiral respectfully requests that this Court declare the rights, status and legal relations of the parties in connection with the facts set forth above, the Underlying Lawsuits, the policies at issue and established law.

WHEREFORE, PREMISES CONSIDERED, Admiral Insurance Company respectfully requests that all defendants named herein be cited to appear and answer, and that on final trial Admiral Insurance Company have the following:

(1)     A declaration that Admiral Insurance Company is not and has never been obligated to provide a defense or indemnity to M&L Painting & Sandblasting, Luis Espinoza, Manuel Espinoza and BTA Oil Producers for the claims at issue in the Underlying Lawsuit;

(2)　A declaration that BTA Oil Producers is not an additional insured under the Admiral policy;

(3)　Recovery for costs and reasonable and necessary attorneys' fees incurred in prosecuting this action; and

(4)　Such other and further relief to which Admiral Insurance Company may show itself justly entitled.

Respectfully submitted,

By:　　/s/ Nathan M. Rymer
　　　Nathan M. Rymer
　　　State Bar No. 00792814
　　　Federal I.D. No. 18902
　　　Laura W. Slay
　　　State Bar No. 24045210
　　　Federal I.D. No. 658920

ATTORNEY FOR PLAINTIFF
ADMIRAL INSURANCE COMPANY

**OF COUNSEL:**

**RYMER, MOORE, JACKSON & ECHOLS**
2801 Post Oak Blvd., Suite 250
Houston, Texas 77056
Telephone: (713) 626-1555
Facsimile:  (713) 626-1558

- 13 -